**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GERALD EARLEY, JR, <br> 1075 Almshouse Road <br> Warrington, PA 18976 <br>                Plaintiff <br><br>       v. <br><br> JMK ASSOCIATES DBA <br> PREMIER POOLS AND SPAS, <br> 751 Wambold Road <br> Souderton, PA 18964, <br><br> AQUA FINANCE, INC., <br> One Corporate Drive, Suite 300 <br> Wausau, WI 54402, <br><br> LYON SERVICES CORPORATION D/B/A <br> LYON FINANCIAL, <br> 642 Carpenter Avenue <br> Mooresville, NC 28115, <br>             Defendants | CIVIL ACTION <br><br> NO. 18-760-GAM |

**AMENDED COMPLAINT**

## I. INTRODUCTION

1.    In late 2016, Plaintiff Gerald Earley decided to shop for a vendor to install an in-ground swimming pool for his home in Bucks County. After multiple visits to his home from a swimming pool construction company, Premier Pools and Spas, Mr. Earley agreed to engage Premier and finance through one of the brokers/lenders recommended by Premier. Unfortunately, the install has turned out to be defective, with the pool already exhibiting plaster cracking and coming off. Equally important here, the seller/installer, their loan broker and their finance company have failed to comply with the federal and Pennsylvania statutes governing home-improvement financing or door-to-door sales.

1

2. Under federal law, financing agreements such as the one Mr. Earley signed must accurately disclose the "cost of credit." Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, ("TILA"), and Regulation Z, 12 C.F.R. § 1026 *et seq.* Defendants Aqua Finance, Inc. and JMK Associates violated TILA when it misrepresented the financial terms.

3. Additionally, state law provides consumers like Mr. Earley specific rights-to-cancel sales that take place in whole or part at the consumer's home. However, Defendants failed to provide proper notice of the right to cancel or to honor the cancellation notice after Plaintiff sent it.

4. Other rights were violated when credit service organizations such as Defendants required advance payments from Mr. Earley and when loan brokers such as Defendant Lyon operate without a license. See Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-7 *et seq.* ("UTPCPL") and the Credit Services Act, 73 P.S. § 2181 *et seq.*

5. Defendants were all involved in this inter-related transaction, and they each played a role in violating multiple laws that govern their behavior as described below. The Court should require Defendants to honor the statutory cancellation notice, and award damages and other relief.

## II. **PARTIES**

6. Plaintiff Gerald Earley, Jr. is a consumer and an adult individual who resides at 1075 Almshouse Road, Warrington, PA 18976.

7. Plaintiff is a consumer and "borrower" and a "buyer" under the Pa. Credit Service Act, 73 P.S. § 2182.

8. Defendant JMK Associates d/b/a Premier Pools and Spas ("JMK") is a swimming pool construction company with a principal place of business in Souderton, Pennsylvania.

2

9. At all times relevant hereto, JMK regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments, and is the person to whom the transaction which is the subject of this action is initially payable. This makes JMK a creditor within the meaning of TILA, 15 U.S.C. § 1602(g) and implementing Regulation Z § 1026.2(a)(17).

10. Defendant Aqua Finance, Inc. ("Aqua") is a financing company with a principal place of business in Wausau, WI.

11. Aqua provided the financing Mr. Earley used to pay for the construction of the pool, and Aqua was assignee of the Financing Agreement from JMK.

12. Defendant Lyon Services Corporation d/b/a Lyon Financial ("Lyon") is a home improvement finance company with a principal place of business in Mooresville, NC.

13. Lyon is a "loan broker" and "credit services organization" under the Pa. Credit Services Act, 73 P.S. § 2182. Lyon was also assignee of the Financing Agreement from JMK.

### III.  STATEMENT OF CLAIM

14. In 2016, Mr. Earley decided he wanted to have an in-ground swimming pool constructed at his residence in Bucks County. Mr. Earley contacted JMK as a possible vendor. After Earley paid for certain excavation and permits in cash (check) he sought to finance the cost of the pool install.

15. JMK offered financing and provided a list of finance companies. Mr. Earley acquired financing for the swimming pool through JMK, with Lyon acting as a loan broker.

16. A JMK project manager visited Mr. Earley's home about three times to review the property, make an estimate about the cost of installing the pool, and to sign the final agreement.

Facts as to Truth-in-Lending.

17.     On December 14, 2016, JMK and Mr. Earley executed a Home Improvement Retail Installment Contract & Security Agreement ("Financing Agreement").

18.     The Financing Agreement is attached as Exhibit "A" to this Complaint.

19.     JMK is listed as the "seller" on the Financing Agreement.

20.     The Financing Agreement constituted an agreement between JMK and Mr. Earley in which JMK would finance the installation of the pool.

21.     The Financing Agreement is a consumer credit transaction within the meaning of TILA, 15 U.S.C. § 1602 and Regulation Z § 1026.2.

22.     The Financing Agreement contains a Truth in Lending disclosure statement.

23.     The Financing Agreement's Truth in Lending disclosure represents an Annual Percentage Rate of 11.99%, a Finance Charge of $31,175.20, an Amount Financed of $35,000.00, and a total sales price of $69,631.20, which is depicted below:

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | AMOUNT FINANCED The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS The amount you will have paid after you have made all payments as scheduled. | TOTAL SALES PRICE The total cost of your purchase on credit, including your down payment of $ 3456.00 |
|---|---|---|---|---|
| 11.99 % | $31175.20 | $35000.00 | $ 66175.20 | $69631.20 |

24.     As part of the financing, JMK offered Lyon as a funding source. In turn, Lyon charged a $750 advance or loan broker's fee for its services in arranging financing. The loan broker fee is supposed to be disclosed as part of the "finance charge" for Truth-in-Lending disclosure purposes. Regulation Z, § 1026.4(a).

25.     But the Finance Charge itemization does not reflect Lyon's broker's fee of $750; the finance charge is thus understated. The itemization is depicted below:

| ITEMIZATION OF AMOUNT FINANCED | | | |
|---|---|---|---|
| (a) Cash Price | | $ 38456.00 | (a) |
| (b) Down payment: Cash $3456.00    + Net Trade-in $0.00    = | | -$ 3456.00 | (b) |
| (c) Unpaid Balance of Cash price (a-b) | | $ 35000.00 | (c) |
| Trade-in Description: | | | |
| (d) Amounts paid to others on my behalf which are being financed: | | | |
| (1) To public officials for: | $ 0.00 | | |
| (2) Sales Tax | $ 0.00 | | |
| (3) Non-filing insurance premium | $ 0.00 | | |
| (4) To others | $ 0.00 | | |
| Total Amounts Paid to Others  (sum of (1) through (4)) | | $ 0.00 | (d) |
| (e) Amount Financed (c + d) | | $ 35000.00 | (e) |

26.     Lyon is listed as a loan broker on the financing documents.

27.     Further, JMK, the stated creditor, lists on the Financing Agreement a down payment of $3,456.00.  Mr. Earley paid a $3,000.00 down payment.  Thus, the actual financial terms of the finance transaction are misstated.

Facts as to Plaintiff's Right to Cancel.

28.     Above the signature line of the Financing Agreement are four separate notices ostensibly describing the buyer's right to cancel the Financing Agreement. Two describe rights under the Truth-in-Lending Act and two appear to relate to the Pennsylvania Consumer Protection Law.

29.     Since there was no security interest being taken in Earley's dwelling, there was no truth-in-lending rescission right, although the loan is subject to Truth-in-Lending closed-end disclosure requirements.  There was, however, a three-day right to cancel under the home-sale provisions of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-7.

30.     But JMK stated on the front page of its contract a conflicting, inaccurate notice for Pennsylvania buyers that stated: "You may rescind this contract, subject to liability for any

5

liquidated damage provision thereof authorized by law, not later than 5 P.M. on the business day following the date thereof by giving written notice of rescission to the contractor at this place of business given in the contract . . . ." (emphasis added) (called "one-day notice").  A picture of the one-day notice is depicted below:

PA - NOTICE TO THE BUYER: (1) Do not sign this agreement before you read it. (2) You are entitled to a completely filled-in copy of this contract. (3) Under the law, you have the right to pay off in advance the full amount due and under certain conditions to obtain a partial refund of the finance charge. (4) You may rescind this contract, subject to liability for any liquidated damage provision thereof authorized by law, not later than 5 P.M. on the business day following the date thereof by giving written notice of rescission to the contractor at his place of business given in the contract, but if you rescind after 5 P.M. on the business day following, you are still entitled to offer defenses in mitigation of damages and to pursue any rights of action or defenses that arise out of the transaction.

31.    Below this statement, and above the signature line is a different, conflicting notice entitled "Buyer's Right to Cancel."  It references "Michigan residents."  In any event, the separate, "Generic Notice" – which is two pages later and reproduced in part below states: "You, the buyer, may cancel this transaction at any time prior to midnight of the third business day after the date of this transaction.  See the attached Notice of Cancellation form for an explanation of this right."  The Generic Notice stated that the buyer may cancel "Not later than midnight of 12/17/16."  A picture of the Generic Notice is depicted below:

BUYER'S RIGHT TO CANCEL: You, the buyer, may cancel this transaction at any time prior to midnight of the third business day after the date of this transaction.  See the attached notice of cancellation form for an explanation of this right.  Michigan residents - Additionally, the seller is prohibited from having an independent courier service or other third party pick up your payment at your residence before the end of the 3-business-day period in which you can cancel the transaction.

32.    These two irreconcilable and defective notices do not provide an accurate or clear notice to the consumer of his right to cancel a door-to-door sale such as this.

33.    Moreover, the "Separate Notice of Cancellation" (which the embedded Generic Notice incorporates by reference) cut short Mr. Earley's cancellation period.  The stated date of the transaction was December 14, 2016, a Wednesday.  The first day is excluded and where the last day is a Saturday, that day is omitted from the calculation.  1 Pa. C.S. § 1908.  The third business day is Monday, December 19, 2016.  Yet the Notice by its terms expired midnight of December 17, 2016.  It therefore fails to provide the requisite three day period to act, and fails to comply with the statute.  A picture of the Separate Notice of Cancellation is depicted below:

NOTICE OF CANCELLATION   Date of Transaction: <u>12/14/2016</u>

You may CANCEL this transaction, without any Penalty or Obligation, within THREE BUSINESS DAYS (FIVE in Alaska and FIFTEEN in North Dakota if you are 65 years or older) from the above date. If you cancel, any property traded in, any payments made by you under the contract or sale, and any negotiable instrument executed by you will be returned within TEN BUSINESS DAYS following receipt by the seller of your cancellation notice, and any security interest arising out of the transaction will be cancelled.

If you cancel, you must make available to the seller at your residence, in substantially as good condition as when received, any goods delivered to you under this contract or sale, or you may, if you wish, comply with the instructions of the seller regarding the return shipment of the goods at the seller's expense and risk.

If you do make the goods available to the seller and the seller does not pick them up within 20 days of the date of your Notice of Cancellation, you may retain or dispose of the goods without any further obligation. If you fail to make the goods available to the seller, or if you agree to return the goods to the seller and fail to do so, then you remain liable for performance of all obligations under the contract.

To cancel this transaction, mail or deliver a signed and dated copy of this Cancellation Notice or any other written notice, or send a telegram, to      Seller & Address of Seller's Place of Business – print or stamp below

> JMK ASSOCIATES DBA PREMIER POOLS & SPAS
> 751 WAMBOLD RD.
> SOUDERTON, PA  18964

NOT LATER THAN MIDNIGHT OF <u>12/17/2016</u>                    (date)
I HEREBY CANCEL THIS TRANSACTION.

_____          _____
Buyer's Signature                                                   Date

34.    Earley thus has an ongoing right to cancel this transaction.

35.    JMK assigned the Financing Agreement to Lyon.

36.    Lyon was the broker to the loan and its assignee.  On information and belief, the loan was funded by and subsequently re-assigned to Defendant Aqua Finance.

37.    Earley was later notified that the loan was being sold to Conexus Credit Union, and he should join that Credit Union.  Earley had no intention of nor was he required to join some Credit Union.

38.    Pursuant to 73 P.S. § 201-7 (e), "the cancellation period provided for in this section shall not begin to run until the buyer has been informed of his right to cancel and has been provided with copies of the 'Notice of Cancellation.'"

7

39.     On December 29, 2017, Earley (never having previously received a proper Notice of Cancellation) exercised his right to cancel this transaction by letter from his counsel.  The rescission notice was sent by federal express and delivered to Aqua and JMK on or about January 2, 2018.  (See Exhibit "B" hereto, Notice of Rescission to JMK and Aqua).

40.     Neither Aqua nor JMK has honored Plaintiff's Notice of Cancellation nor complied with the requirements of a covered seller to return and restore any payments made and any negotiable instrument executed by Earley within ten business days following receipt of the December 29, 2017 cancellation notice.  73 P.S. § 201-7(g).  Any benefit thus reverts to Earley as the buyer.  *Id.*

41.     JMK installed the pool, financed as described.  The pool has since started to peel, crack, and exhibit defects.

## COUNT I

### Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*
### Plaintiff vs. JMK Associates and Aqua Finance, Inc.

42.     Plaintiff incorporates the allegations in the above paragraphs as if fully stated herein.

43.     The required disclosures must be made clearly, conspicuously and accurately.

44.     Defendant JMK and/or Aqua failed to disclose a loan broker fee or advance fee of $750 paid to Lyon as part of the cost of credit (*i.e.* the finance charge) in the TILA disclosure, understating the finance charge, in violation of 15 U.S.C. § 1638(a) and Regulation Z § 1026.17(a).  The inaccurate, inflated total sales price (caused by showing a phantom down payment of $456 on top of the $3,000 paid) is likewise a violation of the Act.  *See* Regulation Z, § 1026.18(j).

45.    The disclosure statement issued in conjunction with this consumer credit transaction violated the requirements of Truth in Lending and Regulation Z.

**WHEREFORE**, Plaintiff prays that this Court enter judgment for Plaintiff and grant the following relief:

        (a)    Damages;

        (b)    Attorney's fees and costs;

        (c)    Any and all other relief the court deems appropriate.

## COUNT II – STATUTORY CANCELLATION

**Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-7 *et seq.***
**Plaintiff vs. JMK Associates & Aqua**

46.    Plaintiff incorporates the allegations in the above paragraphs as if fully stated herein.

47.    Section 201-7(c) of the UTPCPL obligates JMK to provide Mr. Earley a copy of a completed "Notice of Cancellation," which must state the date "not earlier than the third business day following the date of the transaction, by which the buyer may give notice of cancellation."

48.    JMK failed to comply with the provisions of the Door-to-Door Sales law and misrepresented right to cancel. Defendants were required to include the clear, three business day provision <u>in</u> the contract. 73 P.S. § 207-7(b)(1). They did not. Instead the Generic Notice allows only one day to cancel. In addition, the Defendants further misrepresented the buyer's statutory right by making cancellation "subject to liability for liquidated damage." The Separate Notice of Cancellation (which is referenced in the Generic Notice) wrongly lists December 17, 2016 as the last day to cancel, when the consumer had until December 19, 2016.

49.    The separate Notice of Cancellation—required by 73 P.S. § 201-7(b)(2)—confusingly includes contradictory notices applicable to other states such as North Dakota or

Alaska, is not in the format required by the UTPCPL, 73 P.S. § 201-7, and misstates the date by which to act.

50.     Section 201-7(f) of the UTPCPL prohibits sellers from "mispresent[ing] in any manner the buyer's right to cancel." The seller here misrepresented the buyer's right to cancel.

51.     The cancellation notices in the Financing Agreement and appended thereto are noncompliant, ambiguous, and contradictory, in violation of § 201-7(f).

52.     As such, Earley had an extended or ongoing right to cancel, 201-7(e), and he exercised it.

53.     Defendants JMK and Aqua have failed or refused to honor Earley's Notice of Cancellation.

**WHEREFORE,** Plaintiff prays that this Court enter judgment for Plaintiff and grant the following relief:

(a)     Cancellation of the Financing Agreement, and of any remaining obligation;

(b)     Return of monies paid, and retention of any "improvements";

(b)     Damages under the Act;

(c)     Attorney's fees and costs;

(d)     Any and all other relief the court deems appropriate.

## COUNT III

### Credit Services Act, 73 P.S. § 2181 *et seq.*
### Plaintiff vs. Lyon and Aqua (as a loan broker)

54.     Plaintiff incorporates the allegations in the above paragraphs as if fully stated herein.

55.     Under § 2188(c)(1), a loan broker cannot "assess or collect an advance fee from a borrower to provide services as a loan broker." An "advance fee" is defined as "[a]ny funds or consideration assessed or collected prior to the closing of a loan by a loan broker." 73 P.S. § 2182.

56.     Lyon collected a $750 loan broker fee (called "advance fee") from Mr. Earley on or about December 14, 2017, prior to the closing of the Financing Agreement. This violates 73 P.S. § 2188(c)(1).

57.     In Pennsylvania, loan brokers must be registered with the Pennsylvania Department of Banking and Securities. 73 P.S. § 2188(a).

58.     Loan brokers cannot "engage directly or indirectly in any act that operates or would operate as a fraud or deception upon any person in connection with the offer or sale of services of a loan broker, notwithstanding the absence of reliance by the buyer." 73 P.S. § 2188(c)(2).

59.     Lyon held itself out as a loan broker and performed services of a loan broker and assignee in connection with the Financing Agreement.

60.     Lyon was not licensed with the Department of Banking and Securities at the time it brokered the Financing Agreement.

61.     Lyon's brokering of the Financing Agreement without a loan broker license is fraudulent and deceptive under § 2188(c)(2).

62.     The violations described above are both independently enforceable and enforceable under the UTPCPL. 73 P.S. §§ 2190, 2191.

63.     To the extent that Aqua is the assignee or successor to Lyon, Aqua is liable hereunder.

**WHEREFORE**, Plaintiff prays that this Court enter judgment for Plaintiff and grant the following relief:

    (a)    Damages;

    (b)    Treble damages;

    (c)    Statutory punitive damages;

    (d)    Attorney's fees and costs;

    (e)    Any and all other relief the court deems appropriate.

## COUNT IV

### Credit Services Act, 73 P.S. § 2181 *et seq.*
### Plaintiff vs. Lyon and Aqua (as a credit services organization)

64.    Plaintiff incorporates the allegations in the above paragraphs as if fully stated herein.

65.    Lyon acted as JMK's agent in connection with the Financing Agreement.

66.    Lyon aided in the closing of the Financing Agreement by organizing the transaction and assigning the Financing Agreement to Aqua on behalf of JMK.

67.    Lyon is a "credit services organization" under 73 P.S. § 2182 because it provides and represents that it can provide services that involve the obtaining of an extension of credit for a buyer, and it provides advice and assistance to a buyer with regard to the obtaining of an extension of credit.

68.    Credit services organizations are prohibited from charging or receiving any money "prior to full and complete performance of the services" it agreed to perform for the buyer, unless it obtained a surety bond or established a trust account. 73 P.S. § 2183(1).

69.    Lyon received a $750 advance from Plaintiff prior to the completion of its services in connection with the Financing Agreement.

70.     By receiving a $750 advance from Plaintiff prior to the completion of its services in connection with the Financing Agreement, Lyon violated 73 P.S. § 2183(1).

71.     To the extent Aqua is the assignee or successor to Lyon, Aqua is liable hereunder.

**WHEREFORE,** Plaintiff prays that this Court enter judgment for Plaintiff and grant the following relief:

(a)     Damages;

(b)     Treble damages;

(c)     Statutory punitive damages;

(d)     Attorney's fees and costs;

(e)     Any and all other relief the court deems appropriate.

DATE: 3/23/2018

_____
CARY L. FLITTER
ANDREW M. MILZ
JODY T. LÓPEZ-JACOBS
FLITTER MILZ, P.C.
450 N. Narberth Avenue, Suite 101
Narberth, PA  19072
Phone: (610) 822-0782
Facsimile: (610) 667-0552
Email: cflitter@consumerslaw.com
Email: amilz@consumerslaw.com
Email: jlopez-jacobs@consumerslaw.com

# EXHIBIT "A"

# HOME IMPROVEMENT RETAIL INSTALLMENT CONTRACT & SECURITY AGREEMENT
### (New Jersey Consumer Note)

| Buyer's Last Name | First Name | MI | Seller's Name |
|---|---|---|---|
| EARLEY | GERALD | | JMK ASSOCIATES DBA PREMIER POOLS & SPAS |

| Address | | | Address |
|---|---|---|---|
| 1075 ALMSHOUSE ROAD | | | 751 WAMBOLD RD. |

| City | State | Zip | City | State | Zip |
|---|---|---|---|---|---|
| WARRINGTON | PA | 18976 | SOUDERTON | PA | 18964 |

| Telephone: 215-901-2071 | Cell Phone: | Telephone: 215-723-8402 |
|---|---|---|

| Co-buyer Last Name | First Name | MI | Dealer Number: 560057.000 |
|---|---|---|---|

| Address (if different from above) | DEALER SIGNATURE: |
|---|---|
| | *DocuSigned by:* Jmk Associates DBA Premier Pools & Spas |

## CREDIT SALE AGREEMENT

The words "Buyer", "you", "your", or "yours" refer to each person who signs this contract as a buyer or co-buyer. The words "Seller", "we", "our", and "us" refer to the dealer who made the sale or any assignee currently holding the contract. We agree to sell and you agree to buy the goods described below in accordance with all terms on both sides and all pages of this contract. By your signature below, you acknowledge this obligation is incurred in the interest of your marriage or family.

Description of Goods or Services Purchased:

GUNITE POOL

## ITEMIZATION OF AMOUNT FINANCED

| | | |
|---|---|---|
| (a) Cash Price | $ 38456.00 | (a) |
| (b) Down payment: Cash $3456.00  + Net Trade-in $0.00 | –$ 3456.00 | (b) |
| (c) Unpaid Balance of Cash price (a–b) | $ 35000.00 | (c) |
| Trade-In Description: | | |
| (d) Amounts paid to others on my behalf which are being financed: | | |
| (1) To public officials for: | $ 0.00 | |
| (2) Sales Tax | $ 0.00 | |
| (3) Non-filing Insurance premium | $ 0.00 | |
| (4) To others | $ 0.00 | |
| Total Amounts Paid to Others  (sum of (1) through (4)) | $ 0.00 | (d) |
| (e) Amount Financed (c + d) | $ 35000.00 | (e) |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | AMOUNT FINANCED The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS The amount you will have paid after you have made all payments as scheduled. | TOTAL SALES PRICE The total cost of your purchase on credit, including your down payment of $ 3456.00 |
|---|---|---|---|---|
| 11.99% | $31175.20 | $ 35000.00 | $ 66175.20 | $69631.20 |

| Number of Payments 144 | Payment Amount $ 459.55 | When Payments are Made: Monthly payments of principal and interest beginning 30 days after installation/delivery per completion certificate and continuing on the same day of every month thereafter until paid in full. | Promo Code STND |
|---|---|---|---|

**Security:** You are giving a security interest in any goods being purchased. **Prepayment:** If you pay off early, you will not have to pay a penalty.
**Late Charge:** If a payment is more than 10 days late, we may charge you 5% of the installment due not to exceed $5. **Further Payment Information:** Refer to the appropriate clauses on the front or back of this contract for additional information about minimum finance charges, nonpayment, default, and acceleration of your obligation before maturity, and any other fees or charges.

Seller  ☐ does  ☐ does not carry worker's compensation and public liability insurance applicable to the work to be performed.
Seller  ☐ is  ☐ is not qualified as a self-insurer.

**NJ - NOTICE TO OWNER:** Do not sign this contract in blank. You are entitled to a copy of the contract at the time you sign. Keep it to protect your legal rights. Do not sign any completion certificate or agreement stating that you are satisfied with the entire project before this project is complete. Home repair contractors are prohibited by law from requesting or accepting a certificate of completion signed by the owner prior to the actual completion of the work to be performed under the home repair contract. By your signature below you acknowledge receipt of a Door-to-Door Home Repair Sales Act Receipt in the state of New Jersey. Buyers sign here:

**PA - NOTICE TO THE BUYER:** (1) Do not sign this agreement before you read it. (2) You are entitled to a completely filled-in copy of this contract. (3) Under the law, you have the right to pay off in advance the full amount due and under certain conditions to obtain a partial refund of the finance charge. (4) You may rescind this contract, subject to liability for any liquidated damage provision thereof authorized by law, not later than 5 P.M. on the business day following the date thereof by giving written notice of rescission to the contractor at his place of business given in the contract, but if you rescind after 5 P.M. on the business day following, you are still entitled to offer defenses in mitigation of damages and to pursue any rights of action or defenses that arise out of the transaction.

**MI - NOTICE TO BUYER:** (1) Do not sign this contract before you read it. (2) You are entitled to a completely filled-in copy of this contract. (3) Under the law, you have the right to pay off in advance the full amount due and, under certain conditions, to obtain a partial refund of the finance charge. (4) You may rescind or cancel this contract, not later than 5 p.m. on the business day following the date thereof by giving written notice of rescission to the contractor or his agent at his place of business given in the contract or by mailing the notice of cancellation to the contractor to his place of business given in the contract by depositing a properly addressed certified letter in a United States post office or mail box, but if you rescind after 5 p.m. on the business day following, you are still entitled to offer defenses in mitigation of damages and to pursue any rights of action or defenses that arise out of the transaction.

**BUYER'S RIGHT TO CANCEL:** You, the buyer, may cancel this transaction at any time prior to midnight of the third business day after the date of this transaction. See the attached notice of cancellation form for an explanation of this right. Michigan residents - Additionally, the seller is prohibited from having an independent courier service or other third party pick up your payment at your residence before the end of the 3-business-day period in which you can cancel the transaction.

Buyer acknowledges reading both sides of this contract; receiving a signed, dated and completely filled-in copies on the date executed.
**ALL BUYERS SIGN HERE**

| DATE EXECUTED 12/14/2016 | BUYER'S SIGNATURE X *GERALD EARLEY* | CO-BUYER'S SIGNATURE X |
|---|---|---|

**Aqua Finance, Inc.** – One Corporate Drive, Ste 300 – P.O. Box 844 – Wausau, WI 54402-0844 – PHONE: 800/234-3663   FAX: 715/848-6220
COPY 1 (WHITE) - Original   COPY 2 (YELLOW) - Seller Copy   COPY 3 (PINK) - Customer Copy   COPY 4 (GOLD) - Customer Copy
PAGE 1 OF 2

ADDITIONAL PROVISIONS

**a. PROMISE TO PAY.** You agree to pay the Total of Payments according to the payment schedule and any other charges provided for in this Contract. Interest is computed on a simple interest basis and begins to accrue on the latter of the date of the contract or the date of installation/delivery per the completion certificate, unless otherwise restricted by law or according to other terms as evidenced by a separate written agreement. We do not make refunds for amounts less than $1.00.

**b. SECURITY INTEREST.** You grant us a security interest in any goods you purchased ("Collateral") as well as all accessions to and proceeds of those goods. Our security interest secures your performance of all obligations under this Contract and any extensions, renewals or modifications of it. On our request, you will take any reasonable action to preserve the Collateral or our security interest in it.

**c. MAINTENANCE OF COLLATERAL.** You will maintain the Collateral in good condition and repair; not permit its value to be impaired; keep it free from all liens or encumbrances prior in right to ours; and not allow it to become a fixture to other property. You will not sell, lease, or otherwise dispose of the Collateral without our written permission. Loss or damage of the Collateral does not release you of your obligation to make payments when due. We may inspect the Collateral at reasonable times and you will assist us in such inspections to insure compliance with this Contract.

**d. INSURANCE.** If the Collateral has a value of $800 or more and the Amount Financed is $800 or more, you will keep all Collateral and our interest in it insured under policies with provisions for amounts of not more than the value of the Collateral or your aggregate outstanding balance (whichever is less) by insurers that are satisfactory to us. From time-to-time or on demand, you will furnish us with satisfactory evidence of insurance which must have a deductible of not more than $600. You assign and direct any insurer to pay us the proceeds of all such insurance and any premium refund, and direct the insurer to make such insurance proceeds payable to us. We may apply proceeds and refunds to your unpaid balance, whether or not due, returning any excess to you.

**e. AUTHORITY TO PERFORM.** We may perform your duties to preserve and insure the Collateral if you or joint obligors fail to cure or perform any such duties after written notice from us. The cost of our performance is an obligation secured by this Contract, and is payable by you on demand and will bear interest from the date of expenditure by us to the date of payment by you at the Annual Percentage Rate disclosed on the first page of this Contract.

**f. ASSIGNMENT.** We may assign this Contract without your consent and Assignee is entitled to all rights under the Contract. Your rights are not affected by such assignment. If you sell or transfer all or any part of the property or security interest, we may, at our option, require immediate payment of the outstanding balance on the Contract. Seller may only assign this contract to Aqua Finance, Inc. ("AFI"), or to a Broker who has signed an agreement with AFI, and the contract is void if Seller assigns it to any other party.

**g. NSF FEE.** If you present any type of payment that is dishonored by the drawee, we may charge you a fee of $25 in Michigan and Pennsylvania.

**h. ELECTRONIC FUND TRANSFER.** When you provide a check, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the transaction as a check. When we use your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you may not receive your check back from your Financial Institution.

**i. DEFAULT.** You are in default if you fail to make one or more payments when due or take any action that materially impairs the value of the Collateral or our security interest in it, and you fail to cure your default. If you are in default and we refer this Contract to an attorney who is not our salaried employee for collection, you agree to pay our reasonable attorney fees (not to exceed 20% on the balance due in Pennsylvania) to the extent allowed in your state of residence. To the extent not prohibited by law, you agree to pay any other costs and fees of repossession, collection, or realization of any security interest, including but not limited to court costs. If you are in default, we may accelerate your maturity date and balance if you fail to bring your balance current within 30 days of the payment due date. You may have to pay late fees and other allowable charges under this Contract in order to bring your balance current. The accelerated balance due will accrue interest at the Annual Percentage Rate disclosed on the face of this Contract.

**j. MISCELLANEOUS.** We may waive any default without waiving any other subsequent or prior default by you. You understand that any loss, injury, or destruction of the property will not operate as a payment and will not release you from any of your obligations under this Contract. Any parts of this Contract contrary to the laws of this state will not invalidate other parts of the Contract. State and Federal laws govern this Contract. This Contract and its accompanying documents represent the entire agreement between the parties and there are no other prior or contemporaneous oral or written agreements or representations on which either party is relying. Any modifications must be in writing and signed by both parties to be effective. Any reproduction of the Credit Application, Contract, or its accompanying documents by reliable means, such as scanned image, photocopy, or other widely accepted copy technology is considered the same as the original, unless the copy is altered without the knowledge and consent of the parties.

**k. WARRANTY.** Unless we have given an express warranty in this Contract or in a warranty certificate attached to this Contract, no warranties, express or implied, or any statements made by any party not contained as part of this Contract are valid or binding. This section does not apply to manufacturer's warranties.

**NO LIABILITY, PERSONAL OR PROPERTY INSURANCE COVERAGE IS PROVIDED TO BUYER UNDER THIS CONTRACT**

| NOTICE | ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER. |
|---|---|

Assignment to Assignee

Seller assigns all rights and interest in this Contract to Assignee

THIS BOX IS NOT PART OF THE AGREEMENT BETWEEN SELLER AND BUYER(S)

<u>Warranties.</u> Except as modified by the Master Dealer Agreement and related exhibits, as amended from time to time, Seller warrants to Assignee or any subsequent assignee: the Contract is genuine and legally enforceable on its terms; no Buyer was a minor or incompetent when it was executed; all statements contained in the Contract are true; Seller has no notice of any matters not disclosed to Assignee which might impair Buyers' credit; Seller actually received the disclosed cash down payment; Seller has not made and will not make any advancement to Buyers; Seller has no agreement with Buyers to separately finance or impose finance charges on or refinance any pick-up payment or to defer payment of a portion of the down payment to a date later than the due date of the second installment; Seller has not made any oral or written warranties other than manufacturer's warranty; the Contract and transactions from which it arose comply with applicable laws and regulations; Seller has performed all of its obligations to Buyers; no Buyer has or has asserted, any defense, set-off or counterclaim to Buyer's liability under the Contract; the Goods are as Seller represented them to Buyer; Seller had full authority to sell the Goods to Buyer free of any security interest or other encumbrance; the Goods have been delivered and accepted by Buyer within 10 days of the Contract date; and the security interest created by the Contract is the only security interest or encumbrance on the Goods; appropriate documents will be sent immediately to Assignee so Assignee may perfect a first security interest in the Collateral within 10 days of its delivery to Buyer; Seller has full authority to assign the Contract to Assignee; Seller will take any steps Assignee requests to perfect the security interest created by the Contract and to designate Assignee as secured party of record; and Assignee's interest in the Contract is not subordinate to any security interest or other encumbrance; Seller inspected the Goods for defects and there were no defects when Buyer(s) received the goods; Owner's Manual and manufacturer's warranties were supplied to Buyer. <u>Assignee's Authority.</u> Assignee may, without notice and without impairing its right against Seller, in the name of Seller or otherwise, take all actions and legal proceedings it deems advisable with respect to the Collateral, including without limitation, modifying, extending or compromising any terms, discharging or releasing any person liable or releasing any security. Assignee has no duty to perfect any security interest in the Goods or to enforce or preserve Seller's under the Contract. <u>Assignee's Remedies.</u> If (i) Seller breaches any warranty or makes any false warranty or (ii) Assignee receives notice of a complaint, claim or defense against Seller or Assignee, Seller must, at Assignee's request, pay Assignee the full amount unpaid (less Assignee's unearned charges), plus expenses Assignee incurs enforcing the Contract, and Seller indemnifies and agrees to defend Assignee from any loss, liability, penalty, claim, damage or expense claimed or incurred by reason thereof. Assignee will reassign the Contract to Seller without any recourse or warranties after Seller has paid Assignee in full. Seller agrees to indemnify Assignee for any claims or action brought against Assignee as a holder, and will reimburse Assignee for any costs incurred, including attorney fees. These remedies are not intended to be exclusive, and Assignee may exercise other legal and contractual remedies at its option.

SELLER SIGNS THIS ASSIGNMENT WITHOUT RECOURSE EXCEPT AS PROVIDED ABOVE AND IN SELLER'S MASTER DEALER AGREEMENT, AS AMENDED FROM TIME TO TIME.

_____ Mr. Associates DBA Premier Pools & S_____ _____ Authorized Agent for Seller

Minnesota Sales: List Type of Goods of Services Purchased: / Minnesota Venta: deberán ls listar el tipo de servicios o bienes comprados:

BUYER NAME/NOMBRE DEL COMPRADOR:
**GERALD EARLEY**

CO-BUYER/NAME/ NOMBRE DEL CO-COMPRADOR:

I acknowledge receipt of 2 completed copies of this Notice / Atestiguo haber recibido 2 copias de este Aviso

Buyer's signature / Firma del Comprador
*GERALD EARLEY*

Co-buyer's signature / Firma del Comprador Conjunto

CC404E002B1439...

---

**NOTICE OF CANCELLATION**   Date of Transaction: 12/14/2016

You may CANCEL this transaction, without any Penalty or Obligation, within THREE BUSINESS DAYS (FIVE in Alaska and FIFTEEN in North Dakota if you are 65 years or older) from the above date. If you cancel, any property traded in, any payments made by you under the contract or sale, and any negotiable Instrument executed by you will be returned within TEN BUSINESS DAYS following receipt by the seller of your cancellation notice, and any security interest arising out of the transaction will be cancelled. If you cancel, you must make available to the seller at your residence, in substantially as good condition as when received, any goods delivered to you under this contract or sale, or you may, if you wish, comply with the instructions of the seller regarding the return shipment of the goods at the seller's expense and risk. If you do make the goods available to the seller and the seller does not pick them up within 20 days of the date of your Notice of Cancellation, you may retain or dispose of the goods without any further obligation. If you fail to make the goods available to the seller, or if you agree to return the goods to the seller and fail to do so, then you remain liable for performance of all obligations under the contract.

To cancel this transaction, mail or deliver a signed and dated copy of this Cancellation Notice or any other written notice, or send a telegram, to     Seller & Address of Seller's Place of Business – print or stamp below

JMK ASSOCIATES DBA PREMIER POOLS & SPAS
751 WAMBOLD RD.
SOUDERTON, PA 18964

NOT LATER THAN MIDNIGHT OF 12/17/2016 _____ (date)
I HEREBY CANCEL THIS TRANSACTION.

Buyer's Signature _____ Date

---

**NOTICE OF CANCELLATION**   Date of Transaction: 12/14/2016

You may CANCEL this transaction, without any Penalty or Obligation, within THREE BUSINESS DAYS (FIVE in Alaska and FIFTEEN in North Dakota if you are 65 years or older) from the above date. If you cancel, any property traded in, any payments made by you under the contract or sale, and any negotiable Instrument executed by you will be returned within TEN BUSINESS DAYS following receipt by the seller of your cancellation notice, and any security interest arising out of the transaction will be cancelled. If you cancel, you must make available to the seller at your residence, in substantially as good condition as when received, any goods delivered to you under this contract or sale, or you may, if you wish, comply with the instructions of the seller regarding the return shipment of the goods at the seller's expense and risk. If you do make the goods available to the seller and the seller does not pick them up within 20 days of the date of your Notice of Cancellation, you may retain or dispose of the goods without any further obligation. If you fail to make the goods available to the seller, or if you agree to return the goods to the seller and fail to do so, then you remain liable for performance of all obligations under the contract.

To cancel this transaction, mail or deliver a signed and dated copy of this Cancellation Notice or any other written notice, or send a telegram, to     Seller & Address of Seller's Place of Business – print or stamp below

JMK ASSOCIATES DBA PREMIER POOLS & SPAS
751 WAMBOLD RD.
SOUDERTON, PA 18964

NOT LATER THAN MIDNIGHT OF 12/17/2016 _____ (date)
I HEREBY CANCEL THIS TRANSACTION.

Buyer's Signature _____ Date

---

**NOTIFICACIÓN DE CANCELACIÓN**
Fecha de la transacción : _____

Usted puede CANCELAR esta transacción, sin penalidad u obligación alguna, dentro de los TRES DÍAS LABORABLES (Cinco en Alaska y quince en North Dakota si excede los 65 años de edad) siguientes a la fecha de arriba. Si cancela, cualquier propiedad comerciada, cualquier pago hecho por usted bajo el contrato o venta, y cualquier instrumento negociable ejecutado por usted, será retornado dentro de los DIEZ DÍAS LABORABLES siguientes con un recibo del comerciante de la noticia de su cancelación y todo interés garantizado derivado de la transacción será cancelado. Si cancela, usted  debe poner a disposición del vendedor en su residencia, todo bien que le haya sido entregado bajo este contrato o venta, en una condición considerablemente tan buena como cuando los recibió; o puede si así lo desea, cumplir las instrucciones del vendedor respecto a la devolución del envío de los bienes a cargo y riesgo del vendedor. Si pone los bienes a disposición del vendedor y el vendedor no los recoge dentro de los 20 días a partir de su Notificación de Cancelación, puede guardar o vender los bienes sin obligación adicional alguna. Si no pone los bienes a disposición del vendedor o si acuerda devolver los bienes al vendedor y no lo hace, será responsable del cumplimiento de todas las obligaciones bajo este contrato.

Para cancelar esta transacción, envíe una carta o entregue una copia firmada y fechada de esta notificación de cancelación o cualquier otra notificación escrita, o envíe un telegrama, a

Nombre y dirección del Vendedor -- Imprima aquí

NO MÁS TARDE DE LA MEDIA NOCHE DE_____ (fecha)
POR LA PRESENTE CANCELO ESTA TRANSACCIÓN.

Firma del Comprador _____ Fecha

---

**NOTIFICACIÓN DE CANCELACIÓN**
Fecha de la transacción : _____

Usted puede CANCELAR esta transacción, sin penalidad u obligación alguna, dentro de los TRES DÍAS LABORABLES (Cinco en Alaska y quince en North Dakota si excede los 65 años de edad) siguientes a la fecha de arriba. Si cancela, cualquier propiedad comerciada, cualquier pago hecho por usted bajo el contrato o venta, y cualquier instrumento negociable ejecutado por usted, será retornado dentro de los DIEZ DÍAS LABORABLES siguientes con un recibo del comerciante de la noticia de su cancelación y todo interés garantizado derivado de la transacción será cancelado. Si cancela, usted  debe poner a disposición del vendedor en su residencia, todo bien que le haya sido entregado bajo este contrato o venta, en una condición considerablemente tan buena como cuando los recibió; o puede si así lo desea, cumplir las instrucciones del vendedor respecto a la devolución del envío de los bienes a cargo y riesgo del vendedor. Si pone los bienes a disposición del vendedor y el vendedor no los recoge dentro de los 20 días a partir de su Notificación de Cancelación, puede guardar o vender los bienes sin obligación adicional alguna. Si no pone los bienes a disposición del vendedor o si acuerda devolver los bienes al vendedor y no lo hace, será responsable del cumplimiento de todas las obligaciones bajo este contrato.

Para cancelar esta transacción, envíe una carta o entregue una copia firmada y fechada de esta notificación de cancelación o cualquier otra notificación escrita, o envíe un telegrama, a

Nombre y dirección del Vendedor -- Imprima aquí

NO MÁS TARDE DE LA MEDIA NOCHE DE_____ (fecha)
POR LA PRESENTE CANCELO ESTA TRANSACCIÓN.

Firma del Comprador _____ Fecha

WHITE/BLANCO - Original   YELLOW/AMARILLO -Dealer Copy/Copia del Distribuidor   PINK/ROSA & GOLD/ORO - Customer Copy/Copia del Cliente

Notice of Cancellation-200-FTC   ORBIT   6-1-2016

| BUYER NAME:<br>**GERALD EARLEY** | CO-BUYER NAME: |
|---|---|

I acknowledge receipt of 2 completed copies of this Notice and warrant that all persons with an ownership interest in the home have signed below.

| Buyer's signature / Date | Co-buyer's signature / Date |
|---|---|
| *GERALD EARLEY*      12/14/2016 | 12/14/2016 |

---

**NOTICE OF RIGHT TO CANCEL**

**Your Right to Cancel**

You are entering into a transaction that will result in a security interest being placed on your home. You have a legal right under federal law to cancel this transaction, without cost, within three business days from whichever of the following events occurs last:

(1) The date of the transaction, which is ___12/14/2016___; or
(2) The date you receive your Truth in Lending disclosures; or
(3) The date you receive this notice of your right to cancel.

If you cancel this transaction, the security interest is also cancelled. Within 20 calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the security interest on your home has been cancelled, and we must return to you any money or property you have given us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

**How to Cancel**

If you decide to cancel this transaction, you may do so by notifying us in writing at:  Contractor Name  & Address of Place of Business -- print or stamp below

> JMK ASSOCIATES DBA PREMIER POOLS & SPAS
> 751 WAMBOLD RD.
> SOUDERTON, PA  18964

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight of ___12/17/2016___
(midnight of the third business day following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

**I WISH TO CANCEL.**

_____          _____
Buyer's Signature                                    Date

---

**NOTICE OF RIGHT TO CANCEL**

**Your Right to Cancel**

You are entering into a transaction that will result in a security interest being placed on your home. You have a legal right under federal law to cancel this transaction, without cost, within three business days from whichever of the following events occurs last:

(1) The date of the transaction, which is ___12/14/2016___; or
(2) The date you receive your Truth in Lending disclosures; or
(3) The date you receive this notice of your right to cancel.

If you cancel this transaction, the security interest is also cancelled. Within 20 calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the security interest on your home has been cancelled, and we must return to you any money or property you have given us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

**How to Cancel**

If you decide to cancel this transaction, you may do so by notifying us in writing at:  Contractor Name  & Address of Place of Business -- print or stamp below

> JMK ASSOCIATES DBA PREMIER POOLS & SPAS
> 751 WAMBOLD RD.
> SOUDERTON, PA  18964

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight of ___12/17/2016___
(midnight of the third business day following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

**I WISH TO CANCEL.**

_____          _____
Buyer's Signature                                    Date

---

WHITE - Original   YELLOW - Dealer Copy   PINK & GOLD - Customer Copy

Notice of Cancellation-200-Reg Z (1-1-12)

## BROKER ASSIGNMENT

| Buyer's Last Name | First Name | MI | Broker's Name |
|---|---|---|---|
| EARLEY | GERALD | | LYON FINANCIAL SERVICES |

| Address | | | Address |
|---|---|---|---|
| 1075 ALMSHOUSE ROAD | | | 642 CARPENTER AVE |

| City | State | Zip | City | State | Zip |
|---|---|---|---|---|---|
| WARRINGTON | PA | 18976 | MOORESVILLE | NC | 28115 |

**THIS BOX IS NOT PART OF THE AGREEMENT BETWEEN SELLER AND BUYER(S)**
Esta casilla no es parte del contrato entre el vendedor y el comprador.

Broker hereby assigns this Contract and all collateral documents and rights to Aqua Finance, Inc. ("AFI") together with all representations and warranties from the original Seller and in accordance with all representations and warranties in Broker's signed agreement with AFI.

_LYON FINANCIAL SERVICES_ Signed Authorized Agent for Broker

DocuSigned by:
009865466770440...

BRKR-AFI-Assignment   1-31-2015 - 209125

DocuSign
SECURED

## Certificate Of Completion

Envelope Id: C6F5D95CDE5A4AFCBD932F75FAEFE234                    Status: Completed
Subject: Aqua Finance Documents for GERALD EARLEY Online (Remote) Signing
Source Envelope:
Document Pages: 7          Signatures: 10          Envelope Originator:
Certificate Pages: 5       Initials: 0             Funding Department @ Aqua Finance
AutoNav: Enabled                                  1 Corporate Dr Ste 300
EnvelopeId Stamping: Disabled                     Wausau, WI 54401
Time Zone: (UTC-06:00) Central Time (US & Canada) funding@aquafinance.com
                                                  IP Address: 52.6.98.144

## Record Tracking

Status: Original          Holder: Funding Department @ Aqua Finance   Location: DocuSign
    12/14/2016                    funding@aquafinance.com

| Signer Events | Signature | Timestamp |
|---|---|---|
| GERALD EARLEY<br>gerryearley88@gmail.com<br>Security Level: Email, Account Authentication (None), Access Code | GERALD EARLEY<br>CC44B4E68281435...<br><br>Using IP Address: 73.81.153.103 | Sent: 12/14/2016<br>Viewed: 12/14/2016<br>Signed: 12/14/2016 |
| Electronic Record and Signature Disclosure:<br>    Accepted: 12/14/2016<br>    ID: 7a8541ed-61f8-42b3-802c-d538f05558fe | | |
| JMK Associates DBA Premier Pools & Spas<br>amcgalliard@ppas.com<br>Security Level: Email, Account Authentication (None), Access Code | JMK Associates DBA Premier Pools & Spas<br>A081731BAF4D4C3...<br><br>Using IP Address: 73.13.188.100 | Sent: 12/14/2016<br>Viewed: 12/14/2016<br>Signed: 12/14/2016 |
| Electronic Record and Signature Disclosure:<br>    Accepted: 12/14/2016<br>    ID: 87c8afdc-3f13-431d-b798-f9be8c7af37e | | |
| LYON FINANCIAL SERVICES<br>lynlee@lyonfinancial.net<br>Security Level: Email, Account Authentication (None) | LYON FINANCIAL SERVICES<br>983855408770419...<br><br>Using IP Address: 40.130.16.90 | Sent: 12/14/2016<br>Viewed: 12/14/2016<br>Signed: 12/14/2016 |
| Electronic Record and Signature Disclosure:<br>    Accepted: 12/14/2016<br>    ID: 36fcf18d2-debe-4f52-90e3-3686000a0790 | | |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| Notice LYON FINANCIAL SERVICES<br>lynlee@lyonfinancial.net<br>Security Level: Email, Account Authentication<br>(None) | **COPIED** | Sent: 12/14/2016 |
| Electronic Record and Signature Disclosure:<br>  Accepted: 12/14/2016<br>  ID: 36bo18d2-debe-4152-90e3-3c88000a37e5 | | |

| Notary Events | | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | 12/14/2016 |
| Certified Delivered | Security Checked | 12/14/2016 |
| Signing Complete | Security Checked | 12/14/2016 |
| Completed | Security Checked | 12/14/2016 |

**Electronic Record and Signature Disclosure**

# EXHIBIT "B"

# FLITTER MILZ, P.C.
## CONSUMERSLAW.COM
### ATTORNEYS AT LAW

DIRECT DIAL: 610-668-0011 .
JLOPEZ-JACOBS@CONSUMERSLAW.COM

**JODY THOMAS LÓPEZ-JACOBS**
PA & NJ BAR

RESPOND TO: _____

PA

DIRECT DIAL: 610-668-0011

December 29, 2017

**FEDEX STANDARD DELIVERY**
JMK ASSOCIATES
DBA PREMIER POOLS & SPAS
751 Wambold Road
Souderton, PA 18964

Dear Sir/ Madam:

We represent Gerald Earley of Warrington, PA. Please accept this letter as Mr. Earley's Notice of Cancellation for the Home Improvement Retail Installment Contract & Security Agreement dated December 14, 2016 between Gerald Earley and JMK Associates DBA Premier Pools & Spas, 751 Wambold Road, Souderton, PA 18964. Other Parties involved in the transaction include broker Lyon Financial Services, 1310 Madrid Street, Marshall, MN 56258, and Aqua Finance, Inc., One Corporate Drive, Suite 300, Wausau, WI 54402.

Within 10 business days after your receipt of this Notice, please (a) refund all payments made under the contract (b) cancel and return any negotiable instrument executed by Mr. Earley in connection with the contract, and (c) take any action necessary or appropriate to terminate promptly any security interest created in the transaction. *See* 73 P.S. § 201-7(g).

Very truly yours,

Jody Lopez-Jacobs

JLJ:jf

CC G. Earley

**PHILADELPHIA**
450 N. NARBERTH AVE., STE. 101
NARBERTH, PA 19072
610-266-7863
610-667-0552 (FAX)

**SCRANTON**
216 N. BLAKELY STREET
DUNMORE, PA 18512
570-216-3210
888-668-1225 (TOLL FREE)

**NEW JERSEY**
525 ROUTE 73 SOUTH, STE. 200
MARLTON, NJ 08053-9644
856-396-0600
855-839-5035 (FAX)

# FLITTER MILZ, P.C.

CONSUMERSLAW.COM

ATTORNEYS AT LAW

DIRECT DIAL: 610-668-0011
JLOPEZ-JACOBS@CONSUMERSLAW.COM

**JODY THOMAS LÓPEZ-JACOBS**
PA & NJ BAR

RESPOND TO: _____

PA

DIRECT DIAL: 610-668-0011

December 29, 2017

**FEDEX STANDARD DELIVERY**
AQUA FINANCE, INC.
One Corporate Drive
Suite 300
Wausau, WI 54402

Dear Sir/ Madam:

We represent Gerald Earley of Warrington, PA. Please accept this letter as Mr. Earley's Notice of Cancellation for the Home Improvement Retail Installment Contract & Security Agreement dated December 14, 2016 between Gerald Earley and JMK Associates DBA Premier Pools & Spas, 751 Wambold Road, Souderton, PA 18964. Other Parties involved in the transaction include broker Lyon Financial Services, 1310 Madrid Street, Marshall, MN 56258, and Aqua Finance, Inc., One Corporate Drive, Suite 300, Wausau, WI 54402.

Within 10 business days after your receipt of this Notice, please (a) refund all payments made under the contract (b) cancel and return any negotiable instrument executed by Mr. Earley in connection with the contract, and (c) take any action necessary or appropriate to terminate promptly any security interest created in the transaction. *See* 73 P.S. § 201-7(g).

Very truly yours,

Jody Lopez-Jacobs

JLJ:jf

CC G. Earley

**PHILADELPHIA**
450 N. NARBERTH AVE., STE. 101
NARBERTH, PA 19072
610-266-7863
610-667-0552 (FAX)

**SCRANTON**
216 N. BLAKELY STREET
DUNMORE, PA 18512
570-216-3210
888-668-1225 (TOLL FREE)

**NEW JERSEY**
525 ROUTE 73 SOUTH, STE. 200
MARLTON, NJ 08053-9644
856-396-0600
855-839-5035 (FAX)